NORTHERN TRUST CO., BERTHA D. NARTZIK, AND HAROLD F. WHITE, EXECUTORS, ESTATE OF JULIUS J. NARTZIK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4316.    Promulgated October 10, 1927.

Additional compensation which the decedent did not receive during the taxable year, and which the corporation owing the same had not sufficient funds at the end of the taxable year to pay, was not income to the decedent.

*Lee I. Park, Esq.*, and *Harry B. Sutter, Esq.*, for the petitioners.
*L. C. Mitchell, Esq.*, for the respondent.

The Commissioner determined deficiencies of $3,613.57 for the calendar year 1919 and $6,061.45 for the calendar year 1920. The executors contest only the deficiency for 1920, which they claim is erroneous in that the Commissioner held that $25,000 additional compensation allowed and credited to the decedent by J. J. Nartzik, Inc., was not received by the decedent during the taxable year 1920. The position of the Commissioner is that the additional compensation of $25,000 was constructively received by the decedent during the year 1920 and was therefore taxable income to him in that year.

### FINDINGS OF FACT.

Julius J. Nartzik died January 29, 1921, and the Northern Trust Co., Bertha D. Nartzik, and Harold F. White are the duly appointed and acting executors of his estate. In the fall of 1919, Julius J. Nartzik incorporated a business which had theretofore been conducted by him individually. The capital stock of the corporation consisted of $100,000 par value of preferred stock and $200,000 par value of common stock. All of the common stock was originally issued to the decedent but soon thereafter he transferred $15,000 par value of this stock to about 15 employees of the corporation and took their notes therefor to be paid out of dividends declared upon the stock. The decedent was the president of the corporation. During the calendar year 1920 the corporation authorized a bonus of additional compensation to Julius J. Nartzik for services rendered. The books of the corporation, which were kept upon an accrual basis, were not closed until some time in February, 1921, at which time the additional compensation of $25,000 was credited to the personal account of Julius J. Nartzik as of December 31, 1920. The decedent kept his personal books upon the cash receipts and disbursements basis and his individual income-tax return for the calendar year 1920 made by the executors was upon the basis of actual receipts and disbursements. The executors did not include the $25,000 additional

compensation as income to the decedent in the individual income-tax return filed after his death for the calendar year 1920.

The Commissioner held that the amount of $25,000 " was constructively received by the taxpayer as of December 31, 1920." He gave as his reason for his action that " There is nothing in the record to indicate that the item of $25,000 was not absolutely transferred from one account to the individual account of the taxpayer; that there existed any substantial limitation or restriction as to the time or manner of payment or condition upon which payment was to be made. Neither is there any evidence to the effect that the amount in question was not unqualifiedly subject to the demands of the taxpayer. That the sum was not paid to the taxpayer during his lifetime or to his estate subsequent to his death is not considered of particular significance in view of the fact that he and his estate owned practically the entire issue of capital stock." The corporation did not have on hand during the last months of the year 1920 sufficient cash with which to pay the full amount of the additional compensation authorized to the decedent. The current operations of the corporation during the latter part of 1920 were such that at times the corporation was overdrawn. There was not during the year 1920, taking together all the funds of the corporation wherever located, sufficient funds available to pay this bonus. The largest cash balance of the corporation during the year 1920 was on December 21, when there existed a balance of $21,251.50. The smallest balance during the same year occurred on December 16, when there was an overdraft of $684.23. On December 31, 1920, the corporation had a total cash balance of $2,148.49.

OPINION.

LITTLETON: Before it should be held that a taxpayer constructively received income in any taxable year when he did not, in fact, come into possession of the money or property, it should appear beyond question that the taxpayer, although at liberty, considering the financial requirements and needs of the corporation, to withdraw the amount due him, deliberately chose not to draw or receive the amount owing by the corporation. As was said by the Board in *John A. Brander*, 3 B. T. A. 231, " It was not that the corporation would not pay, but rather that he would not receive. This election to give the corporation the temporary use of the amount was an exercise by him of its enjoyment, and this is one of the primary attributes of income." The $25,000 in question was not sufficiently available for the decedent's use to constitute a constructive receipt by him. The theory of constructive receipt of income should not be extended beyond the principle announced by the Board in *John A.*

*Brander, supra,* and this proceeding is clearly not within the rule announced in that appeal. The fact that the decedent owned practically all of the stock of the corporation had nothing to do with the question whether he received income. The Commissioner argues that " the Board is wholly without information as to the corporation's ability to borrow money or to pay it [the bonus] from other sources than its balances of cash held in banks." The mere fact that a creditor of the taxpayer might borrow sufficient money or sell some of its assets and realize sufficient cash to pay the taxpayer the amount due does not make the taxpayer in receipt of income on the cash basis. We are satisfied from the facts in this proceeding that the $25,000 was not received by the petitioner within the calendar year 1920 within the meaning of the statute and was not, therefore, income for that year.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by SMITH and LOVE.